*BARCKLEY, & AL.* vs. *EVANS' EX'RX.*

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This suit is brought on an account current of long standing, between the plaintiffs and the testator of the present defendant.

The judgment cannot exceed the sum claimed in the petition.

BARCKLEY &
AL.
*vs.*
EVANS' EXR'X

The balance claimed by the former arises, principally from interest, calculated on the debit of said account, which, in the petition, is alledged to amount to 750 pounds, ten shillings and ten pence, sterling. The first difficulty which seems to have occurred in the discussion of the cause in the court below, related to the plaintiffs' right to calculate and charge interest during the period in which commercial intercourse was interrupted between the citizens of the U. States and the subjects of his Britanic Majesty, in consequence of the late war, &c.

This matter was referred to the counsel of the parties to the suit, who reported that the letters of the deceased, Mr Evans, did authorise the charge of interest during the war. The same arbitrators also decided that interest ought not to be calculated on items compounded of principal and interest. When these points were settled, the account was referred to the deputy clerk of the district court, to make the calculation of interest in conformity thereto. His manner of calculation, having, in the first instance, produced an estimate which the counsel for the plaintiffs thought too low, he caused it to be set aside,

East'n District.
*March*, 1824.

BARCKLEY &
AL.
*vs.*
EVANS' EXR'X

and had the account again submitted for further calculation, which resulted in producing the sum of *L*964 11*s*. 3*d*. sterling in favor of the plaintiffs, for which judgment was finally rendered against the defendant. From that judgment the present appeal is taken.

The counsel for the appellant objects to the legality of the judgment rendered by the district court on two grounds. 1st. It is erroneous because it exceeds the sum prayed for in the petition. 2nd. because the interest was not calculated justly, either in relation to the mode of calculation, or the period of time for which it was estimated.

We are clearly of opinion, that the judgment complained of is erroneous, so far as it exceeds in amount, the sum claimed by the plaintiffs in their petition. This matter appears to us, to have been fully discussed and settled by the decision of the court, as reported in 11 *Martin*, 289. On the first ground assumed by the appellant, the judgment of the court below would have to be reversed—and if the same objection to its correctness were without foundation, we might proceed to give ju gment as it ought to have been given in the district court. As to the manner in which inter-

East'nDistrict.
Feb. 1824.

BARCKLEY &
AL.
vs.
EVANS' EX'RX.

est seems to have been calculated by the clerk to whom the account was referred, we are in‑ clined to think it correct. But the time for which the estimate ought to have been made, is left in great doubt. The evidence of the case does not show that interest can be legal‑ ly claimed for any other period, except the late war between the United States and Great Britain, and also, from the judicial demand in the present suit. It has, however, been calcu‑ lated for a greater length of time, and the pro‑ priety of such calculation is supported by in‑ ference, alone, to be derived from the report of the referees on the subject of the interest claimed during the war. This, we think, is supplying *too* much of the evidence, by impli‑ cation.

Upon the whole view which we have taken of the cause, it is our opinion, that justice re‑ quires it to be remanded for a new trial in the court below.

It is therefore, ordered, adjudged and de‑ creed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, that the cause be reman‑ ded to the court below for a new trial, and

that the appellees pay the costs of this appeal.

*Livingston* for the plaintiffs, *Hennen* for the defendant.